UNITED STATES of America, Plaintiff–Appellee,

v.

Dana Troy ANDRESS, Defendant–Appellant.

No. 94–5495.

United States Court of Appeals, Sixth Circuit.

Argued Nov. 19, 1994.

Decided Feb. 24, 1995.

John T. Fowlkes, Asst. U.S. Atty. (briefed) and Victor L. Ivy (argued), Office of the U.S. Atty., Memphis, TN, for plaintiff-appellee.

Algert S. Agricola, Jr. (argued and briefed), Montgomery, AL, for defendant-appellant.

Before: KEITH, NELSON, and LAY,* Circuit Judges.

---

* The Honorable Donald P. Lay, United States Circuit Judge for the Eighth Circuit, sitting by designation.

PER CURIAM.

This is a drug case in which the defendant appeals his sentence. The question presented is a narrow one: whether a change in the way the weight of Lysergic Acid Diethylamide (LSD) is determined under the U.S. Sentencing Guidelines effected a corresponding change in the way the weight of LSD is determined under a statute mandating a minimum sentence. The district court answered this question in the negative. We agree, and we shall affirm the sentence.

I

A jury found the defendant, Dana Troy Andress, guilty of attempting to possess 3200 dosage units of LSD with intent to distribute it, in violation of 21 U.S.C. § 846. In combination with its blotter paper carrier medium, the LSD weighed 20.87 grams. For LSD of that weight, 21 U.S.C. § 841(b)(1)(A)(v) mandates imprisonment for at least 120 months. The defendant received a sentence equal to this mandatory minimum.

Subsequent to imposition of the sentence, the Sentencing Commission changed the way the weight of LSD is determined under the guidelines. Instead of counting the weight of both the LSD and the carrier medium, courts are now directed to treat each dose as weighing 0.4 milligrams, irrespective of the actual weight. See Amendment 488 to U.S.S.G. § 2D1.1 (effective November 1993). This amendment has retroactive effect under U.S.S.G. § 1B1.10(c).

If the weight of the LSD with which the defendant was involved had been calculated under the new formula, it would have come to only 1.28 grams. Were that weight to be used for purposes of applying the statute, the defendant would not be subject to a mandatory minimum sentence of 120 months. The defendant moved for modification of his sentence on this basis, but the district court denied the motion.

II

In *Chapman v. United States,* 500 U.S. 453, 460–62, 111 S.Ct. 1919, 1924–26, 114 L.Ed.2d 524 (1991), the Supreme Court held that the use of the phrase "mixture or substance" in 21 U.S.C. § 841(b)(1)(A)(v) meant that the entire weight of the carrier medium for LSD should be included for purposes of determining a mandatory minimum sentence.

Defendant Andress argues that the *Chapman* holding was overruled by Congress, in effect, when Guidelines Amendment 488 became effective. As support for this proposition he cites *United States v. Munoz–Realpe,* 21 F.3d 375, 377–78 (11th Cir.1994), where the question was whether a sentencing guidelines amendment that contained a narrow definition of the term "cocaine base" affected the definition of "cocaine base" in a mandatory minimum sentencing statute, 21 U.S.C. § 960(b). The Eleventh Circuit held that Congress had approved the substance of the amendment by allowing the amendment to take effect, making it appropriate to extend the narrow definition of cocaine base to the mandatory minimum statute as well.

We note, as did the *Munoz–Realpe* court, that this position is not beyond controversy— for the Second Circuit went the other way on precisely the same issue. See *United States v. Palacio,* 4 F.3d 150, 154 (2d Cir.1993), *cert. denied,* ⸺ U.S. ⸺, 114 S.Ct. 1194, 127 L.Ed.2d 543 (1994) (holding that "in the absence of new guidance from Congress" the amendment's narrow definition of cocaine base applies only to the guidelines and does not affect the broad definition applicable to the mandatory minimum statute).

*Munoz–Realpe* and *Palacio* dealt with a situation where the Sentencing Commission had not spoken to the question whether the amendment affected the statutory minimum. In the present situation, by contrast, the commission appears to have spoken rather clearly. The final sentence of a commentary to U.S.S.G. § 2D1.1 added by Amendment 488 notes parenthetically that the approach taken in the amendment "does *not* override the definition of mixture or substance for purposes of applying any mandatory minimum sentence (See *Chapman;* § 5G1.1(b))." (Emphasis supplied.) U.S.S.G. § 5G1.1(b) states:

"Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence."

If the parenthetical statement at the end of the commentary added by Amendment 488 means anything, it means that the Commission did not intend to override *Chapman* where a statutorily required minimum sentence is involved. Congress obviously did not manifest a different intent when it allowed Amendment 488 to become effective.

Other circuits that have considered this issue have likewise concluded that Amendment 488 does not affect the *Chapman* holding. See *United States v. Neal,* 46 F.3d 1405 (7th Cir.1995); *United States v. Pardue,* 36 F.3d 429 (5th Cir.1994); *United States v. Mueller,* 27 F.3d 494 (10th Cir.1994); *United States v. Boot,* 25 F.3d 52 (1st Cir.1994). If there is to be a circuit split on this issue, some other circuit will have to create it.

**AFFIRMED.**