53 F.3d 332
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Douglas Shawn BEASLEY, Joseph W. Hillis, and Clay Lloyd,
Defendants-Appellants.
 Nos. 94-5152, 94-5704, 94-5764.
 United States Court of Appeals, Sixth Circuit.
 Feb. 28, 1995.
 
 Before: NELSON, NORRIS, and DAUGHTREY, Circuit Judges.
 PER CURIAM.
 
 
 1
 These three cases, raising the same issue, have been consolidated on appeal. Each defendant contests the method by which his sentence for a drug offense involving LSD was calculated. A recent amendment to the sentencing guidelines prescribes a standardized weight computation, in which the number of "doses" involved is multiplied by .4 grams to yield a total amount of LSD for which the defendant is then sentenced. However, the Supreme Court has held that under the applicable penalty statute, the carrier medium involved (LSD is typically affixed to blotter paper) must be included in the weight calculation, regardless of the actual number of doses. The question on appeal is whether the Supreme Court's calculation method (which yields a higher weight) must be used for purposes of determining a defendant's minimum sentence, even though the amended guideline method is used for computing the base offense level. Under current Sixth Circuit case law, this question must be answered in the affirmative.
 
 
 2
 In January 1994, defendant Beasley pleaded guilty to conspiracy to distribute LSD and using and carrying a firearm in a drug trafficking offense. The total amount of LSD charged in the indictment was 200 doses. Initially, his sentence was computed in the presentence report as follows: 200 doses X .4 milligrams = 80 milligrams. Because USSG Sec. 2D1(c)(15) applies to offenses involving at least 50 milligrams but less than 100 milligrams of LSD, the resulting base offense level was 14. Beasley received a two-point reduction for acceptance of responsibility. He had a criminal history category of I and thus would have received 10 to 16 months on the conspiracy to distribute count based on the guidelines alone. The firearms count required a five-year mandatory minimum sentence under 18 U.S.C. Secs. 924(c)(1) and 924(c)(2), which, added to the conspiracy count, would have yielded a total sentence of 70 to 76 months. However, the presentence report was amended, so that the conspiracy sentence was based upon 1.7 grams of LSD, the total weight of the LSD involved plus its carrier medium. The 1.7 gram calculation necessitated application of 21 U.S.C. Sec. 841(b)(1)(B)(v), and thus Beasley received the 5-year mandatory minimum specified in that subsection.
 
 
 3
 In May 1994, defendant Hillis pleaded guilty to one count of conspiracy to distribute and to possess with intent to distribute LSD. The agreement stipulated that 135 doses were involved. With the carrier medium, the amount involved weighed 1.1 grams. Under Sec. 2D1.1, 135 doses X .4 milligrams yields 54 milligrams, which results in a base offense level of 14. This base offense level was reduced three points under the plea agreement, yielding a base offense level of 11. When combined with Hillis's criminal history category II, his guideline range was 10 to 16 months. However, the district court imposed the five-year statutory minimum sentence, based on the 1.1 gram total weight, including the weight of the carrier medium.
 
 
 4
 In June 1994, defendant Lloyd pleaded guilty to distribution of between 92 and 100 doses of LSD having a gross weight of 1.17 grams. Under Sec. 2D1.1, 96 doses X .4 milligrams = 38.4 milligrams, which yields a base offense level of 10. Combined with Lloyd's criminal history category of VI, his guideline range would have been 24 to 30 months. Again, however, the statutory five-year minimum sentence was imposed, based on gross weight.
 
 
 5
 The penalty provision in 21 U.S.C. Sec. 841(b)(1)(B)(v) prescribes a five-year mandatory minimum sentence for a person convicted of distributing more than one gram of "a mixture or substance containing a detectable amount" of LSD. In Chapman v. United States, 500 U.S. 453, (1991), the Supreme Court was asked to resolve the question of whether the phrase "mixture or substance" required that the weight of the carrier medium be included for purposes of sentencing determination. The Court held that the weight of the carrier medium for LSD was to be included in calculating the total weight of the drug for purposes of determining the applicability of the mandatory minimum sentence. The Court, while recognizing the potential for gross and arbitrary disparities between sentences, held that because the carrier facilitates distribution, it was rational for Congress to base sentencing on the weight of the carrier medium, as well as the LSD itself.
 
 
 6
 In 1993, the Sentencing Commission amended the guidelines, effective November 1, 1993. Amendment 488 provided that, for purposes of determining the base offense level, the number of doses involved is multiplied by .4 milligrams. Hence, the base offense level is no longer determined according to the gross weight of the LSD plus carrier medium. The new commentary to USSG Sec. 2D1.1 notes:
 
 
 7
 The dosage weight of LSD selected [.4 milligrams] exceeds the Drug Enforcement Administration's standard dosage unit for LSD of 0.05 milligram (i.e., the quantity of actual LSD per dose) in order to assign some weight to the carrier medium. Because LSD typically is marked and consumed orally on a carrier medium, the inclusion of some weight attributable to the carrier medium recognizes (A) that offense levels for most other controlled substances are based upon the weight of the mixture containing the controlled substance without regard to purity, and (B) the decision in Chapman.... At the same time, the weight per dose selected is less than the weight per dose that would equate the offense level for LSD on a carrier medium with that for the same number of doses of PCP.... Thus, the approach decided upon by the Commission will harmonize offense levels for LSD offense with those for other controlled substances and avoid an undue influence of varied carrier weight on the applicable offense level. Nonetheless, this approach does not override the applicability of "mixture or substance" for the purpose of applying any mandatory minimum sentence (see Chapman; Sec. 5G1.1(b)).
 
 
 8
 USSG Sec. 2D1.1, Commentary n. 18 (emphasis added).
 
 
 9
 At the time this appeal was filed, the apparent conflict between the guideline's method of calculation and the Court's interpretation of the penalty statute in Chapman had not been resolved in this circuit, although it had been addressed elsewhere. Since then, however, the issue has been settled by our ruling in United States v. Andress, 1995 WL 73353 (6th Cir. (Tenn.)). Under the holding in Andress, i.e., that Amendment 488 has no effect on the mandatory minimum sentencing provisions in 21 U.S.C. Sec. 841(b), we have no choice but to affirm the sentences imposed by the district judge in this case, applying the five-year mandatory minimum sentence in subsection (b)(1)(B)(v) to each of the three defendants.
 
 
 10
 We therefore AFFIRM the judgment of the district court.