59 F.3d 171
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Ranel Dante SAN MIGUEL, Defendant-Appellant.
 No. 94-6354.
 United States Court of Appeals, Sixth Circuit.
 June 22, 1995.
 
 Before: MERRITT, Chief Judge; BROWN and MARTIN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Ranel Dante San Miguel appeals the sentence imposed by the district court following his guilty plea to possession with intent to distribute LSD. San Miguel was arrested by undercover officers of the Shelby County Sheriff's Department on March 20, 1992, after he and a co-defendant sold the officers two vials of LSD. A third vial of LSD was found after a consent-search of the co-defendant's apartment. Then, San Miguel consented to a search of his residence where four more vials were found as well as thirteen sugar cubes laced with LSD.
 
 
 2
 On April 15, 1992, San Miguel was charged in a three-count indictment with conspiracy to possess and possession with intent to distribute LSD in violation of 21 U.S.C. Secs. 846, 841(a)(1). He pled guilty to Count III, possession, on July 1, 1994. After entering this plea, San Miguel failed to appear for sentencing. Instead, he left the state and assumed a different identity with false identification.
 
 
 3
 After his eventual arrest, San Miguel was sentenced on September 22, 1994. At the sentencing hearing, the United States called Dorothy Roman, a DEA chemist, to testify as to the quantity of LSD. Roman testified that the seven vials of liquid LSD has a net weight of 45.5 grams. She further testified that they contained 77.7 milligrams of pure LSD, which was dissolved in a liquid solution of either water or alcohol. It was conservatively estimated that the vials contained over 1500 dosages of LSD. Considering the vials to contain a "mixture or substance containing a detectable amount" of LSD, the district court used the 45.5 grams total weight of the vials in sentencing San Miguel to ten years in prison and five years of supervised release. 21 U.S.C. Sec. 841(b)(1)(A)(v); Chapman v. United States, 500 U.S. 453, 460-62, (1991).
 
 
 4
 On appeal, San Miguel argues that the district court should only have considered the 77.7 milligrams of pure LSD, far below the ten grams necessary to invoke the mandatory minimum sentence of 21 U.S.C. Sec. 841(b). In making this argument, San Miguel relies on amendments to the Guidelines that change the method of determining the weight of LSD based on the number of dosages. He also attempts to distinguish Chapman because it was decided prior to the Guideline amendments and did not deal with LSD in a liquid solution. Rather, Chapman referred only to three carriers--blotter paper, sugar cubes, and gelatin capsules. Finally, San Miguel argues that if the mandatory minimum sentence was not appropriate, the district court also erred by not giving him a downward departure for acceptance of responsibility because of his guilty plea.
 
 
 5
 San Miguel's arguments are without merit. Several circuits, including the Sixth, have held that the amendment to U.S.S.G. Sec. 1B1.10(c) does not affect Chapman or the method in which the weight of LSD is determined under the mandatory minimum sentence statute. United States v. Andress, 47 F.3d 839, 840-41 (6th Cir. 1995). Furthermore, although Justice Stevens' dissent points out the inequity of using the total weight of a mixture when the LSD is mixed with a liquid,[1] it recognizes that the majority's holding can apply to a liquid mixture of LSD. Also, the court itself noted that LSD distributors could act to minimize their potential sentences by their choice of carrier. Chapman, 500 U.S. at 467 n.6.
 
 
 6
 The United States characterizes the liquid LSD solution "as a carrier medium at the wholesale level" whereas blotter paper "serves as a carrier medium at the retail end of the distribution chain." For this Court to limit Chapman, it would have to find that a liquid LSD solution is not a "mixture." We cannot draw such a conclusion. Further, San Miguel relies on our decision in United States v. Jennings, 945 F.2d 129 (6th Cir. 1991). However, this case is factually distinct from Jennings because here the LSD was already processed; there was no showing that the vials contained any "poisonous unreacted chemicals and by-products." Jennings, 945 F.2d at 137.
 
 
 7
 Finally, although admittedly superfluous because of our decision above that the mandatory minimum sentence does apply, San Miguel's acceptance of responsibility argument is also meritless. See U.S.S.G. Sec. 3C1.1, comment. (n.3(e)) (stating that willfully failing to appear for a judicial proceeding is an example of obstruction of justice warranting a two level increase); see also U.S.S.G. Sec. 3E1.1, comment. (n.4) (providing that "[c]onduct resulting in an enhancement under Sec.3C1.1 ... ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct").
 
 
 8
 Therefore, based upon our earlier decision in Andress, we AFFIRM the sentence imposed by the district court.
 
 
 
 [1]
 "Thus, whether one dose of LSD is added to a glass of orange juice or to a pitcher of orange juice, it is still only one dose that has been added. But if the weight of the orange juice is to be added to the calculation, than the person who sells the single dose of LSD in a pitcher rather than in a glass will receive a substantially higher sentence." Chapman, 500 U.S. at 475 (1991) (Stevens, J., dissenting)