UNITED STATES of America,
Plaintiff–Appellee,

v.

Robert INGRAM, Defendant–Appellant.

No. 94–6036.

United States Court of Appeals,
Sixth Circuit.

Argued May 9, 1995.

Decided Oct. 5, 1995.

Sarah R. Shults, Asst. U.S. Atty. (argued and briefed), Greeneville, TN, for plaintiff-appellee.

E.C. Heininger (argued and briefed), Greeneville, TN, for defendant-appellant.

Before: SUHRHEINRICH and DAUGHTREY, Circuit Judges; HEYBURN, District Judge.*

HEYBURN, District Judge.

Defendant Robert Ingram appeals for a reduction in the sentence he received following his conviction for possession with intent to distribute lysergic acid diethylamide (LSD). The Court must determine the proper weight, for sentencing purposes, to be attributed to 6.2 grams of "liquid LSD," which consisted of 5.1 milligrams of the pure drug dissolved in an unidentified liquid. Based on the following discussion, we reverse the decision below and remand to the district court to recalculate Defendant's sentence.

---

* The Honorable John G. Heyburn II, United States District Judge for the Western District of Kentucky, sitting by designation.

## I.

During the execution of a search warrant at Defendant's residence, officers discovered a vial of liquid, later determined to be LSD. The total weight of the solution was 6.2 grams, of which 5.1 milligrams was pure LSD. A jury found Defendant guilty of possession with intent to distribute LSD. At sentencing, Defendant argued that the court's determination of the amount involved in the offense should not include the weight of the liquid in which the drug was dissolved. The district court, however, used the entire weight of the liquid LSD to calculate the sentence and sentenced Defendant to 78 months imprisonment and four years of supervised release.

In 1994, Defendant filed a motion for reduction of his term of imprisonment based on Amendment 488 to § 2D1.1(c) of the Sentencing Guidelines, which had become effective on November 1, 1993. The U.S. Sentencing Commission promulgated Amendment 488 to eliminate the disparity in sentences for offenses involving the same quantity of LSD on different carrier mediums by standardizing the weight of each dose of LSD as 0.4 milligrams, irrespective of the actual weight of the dose, which would vary according to the weight of the carrier medium.[1] The amendment applies retroactively pursuant to U.S.S.G. § 1B1.10(c). Defendant contends that calculation of his sentence according to the terms of Amendment 488 would lower his sentencing range pursuant to the guidelines from the 78 months he received to ten to sixteen months. Because Defendant's offense carries a statutory minimum sentence of five years, a longer term than that indicated in the applicable guideline range, Defendant argues his sentence should be reduced to five years imprisonment.

In denying Defendant's motion, the district court held that the amendment did not benefit Defendant because his charges involved liquid LSD which was not on a carrier medi-

um, and therefore the weight of the liquid LSD was properly used to calculate his sentence. The issues presented on this appeal are whether Amendment 488 to § 2D1.1(c) of the Sentencing Guidelines applies to liquid LSD and if so, whether the standardized weight required by Amendment 488 alters the calculation of the mandatory minimum sentence required by statute.

## II.

Liquid LSD is the intermediate form of the drug. In its pure crystalline form, LSD is extremely potent. Before it may be used or sold, therefore, the drug must be combined with a carrier medium. This is done initially by dissolving the pure LSD in a solvent such as alcohol. This form of the drug, commonly referred to as "liquid LSD," is somewhat unstable, however, because the solvent has a tendency to evaporate. Liquid LSD is usually placed upon a stable carrier such as blotting paper, sugar cubes, or gelatin capsules before it is sold. The liquid LSD is applied to the carrier and the solution is allowed to evaporate, leaving a small amount of LSD on the carrier. *United States v. Jordan,* 842 F.Supp. 1031, 1032 (M.D.Tenn.1994) (citing *Chapman v. United States,* 500 U.S. 453, 457, 111 S.Ct. 1919, 1923, 114 L.Ed.2d 524 (1991)).

At present, there are dual rules instructing how courts calculate carrier medium weight in LSD cases. In the mandatory minimum sentence context, the Supreme Court's decision in *Chapman v. United States* requires use of the total weight of LSD and any carrier medium. In the Sentencing Guidelines context, the amended § 2D1.1 requires use of a standard weight of 0.4 milligrams per dose. This circuit requires the courts to calculate a sentence under both systems. Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range,

---

1. A uniform standard was necessary because of the difficulty of calculating LSD weight caused by the differing weights of carrier mediums. The quantity of the actual drug present in each dose is infinitesimal. To facilitate transportation, distribution, and use of the drug, LSD is commonly dissolved in solvent and then spread upon a medium, such as blotter paper, gelatin, or a sugar cube, which typically far outweigh the LSD itself. Therefore, there existed the potential for wide variances in sentencing based upon the happenstance weight of the particular carrier chosen by a defendant.

the statutorily required minimum sentence controls. U.S.S.G. § 5G1.1(b).

21 U.S.C. § 841(b)(1)(B)(v) calls for a mandatory minimum sentence of five years for the offense of possessing or distributing more than 1 gram but less than 10 grams of "a mixture or substance containing a detectable amount of LSD." In *Chapman v. United States*, the Supreme Court held that the use of the phrase "mixture or substance" means that the entire weight of the carrier medium for the LSD should be included for purposes of determining a minimum sentence. 500 U.S. 453, 461, 111 S.Ct. 1919, 1925, 114 L.Ed.2d 524 (1991). In *Chapman*, however, the Court did not consider liquid LSD, but looked at carriers commonly used by drug dealers, such as blotter paper, sugar cubes, and gelatin capsules. *See Chapman*, 500 U.S. at 457, 111 S.Ct. at 1923–24 & n. 2.

■ The *Chapman* Court held that, in enacting § 841, Congress adopted a "market-oriented" approach to punishing drug trafficking. Under this approach, the total quantity of what is distributed, rather than the amount of pure drug involved, is used to determine the length of the sentence. *Id.* at 461, 111 S.Ct. at 1925. The weight of the carrier medium is only used for sentencing purposes in those cases in which the drug is in a form which is "ready for wholesale or ready for distribution at the retail level." *Id.* The U.S. Sentencing Commission adopted Amendment 488 to § 2D1.1(c) of the Guidelines to alleviate unwarranted disparities among offenses involving the same amount of actual LSD where the weight of LSD carrier media vary widely and typically may far exceed the weight of the drug itself. Guidelines, § 2D1.1, Application Note 18, Background. Liquid LSD, however, is LSD that has not been placed onto a carrier medium. U.S.S.G. § 2D1.1, comment (n.18). A district court in this Circuit has held that because the liquid solvent is not a carrier medium, Amendment 488 does not apply and a sentencing court should weigh the pure LSD alone to calculate the offense level under the Sentencing Guidelines. *United States v. Jordan*, 842 F.Supp. 1031, 1033 (M.D.Tenn. 1994). This produces a result diametrically opposed to the district court's conclusion in this case. We believe that an intermediate approach is more appropriate.

Application Note 18 provides that, in the case of liquid LSD, "using the weight of the LSD alone to calculate the offense level may not adequately reflect the seriousness of the offense. In such a case, an upward departure may be warranted." Guidelines, § 2D1.1. By allowing an upward departure in cases where a carrier medium is not used, the Sentencing Commission remains consistent with the market-oriented approach to sentencing for drug crimes. Using the 0.4 milligram standard, rather than the actual weight of the liquid, to measure dosage seems to be the logical means to determine the level of departure. Therefore, Defendant's sentence under the Guidelines must be recalculated accordingly.

Using only the weight of pure LSD involved in this case, 5.1 milligrams, would result in a base offense level of 12 and a sentence of 10–16 months. Guidelines, § 2D1.1(c)(14). If the district court finds that this sentence does not reflect the seriousness of Defendant's offense, it may depart upward by applying the 0.4 milligram standard of Amendment 488. According to the Drug Enforcement Agency, the quantity of pure LSD per dose is 0.05 milligrams. When divided by 0.05 milligrams, the 5.1 milligrams of LSD involved in Defendant's case, results in 102 doses of the drug. When the 102 doses are multiplied by Amendment 488's 0.4 milligram standard weight for each dose, the resulting weight is 40.8 milligrams. In this case, no increase in the sentencing level results. The base offense level for less than 50 milligrams of LSD is level 12, requiring a sentence of 10–16 months.

The approach taken by Amendment 488 "does *not* override the definition of 'mixture or substance' for purposes of applying any mandatory minimum sentence." U.S.S.G. § 2D1.1, Commentary. Subsequent to the district court's decision here, the Sixth Circuit interpreted this sentence to mean that Amendment 488 does not overrule *Chapman* and therefore, that the courts should continue to use the entire weight of LSD and its carrier medium to determine the mandatory minimum sentence required by statute, while

using the standardized weight to determine the sentencing range provided in the guidelines. *United States v. Andress,* 47 F.3d 839, 841 (6th Cir.1995). Other circuits have reached the same conclusion. *See United States v. Neal,* 46 F.3d 1405 (7th Cir.1995); *United States v. Pardue,* 36 F.3d 429 (5th Cir.1994); *United States v. Mueller,* 27 F.3d 494 (10th Cir.1994); *United States v. Boot,* 25 F.3d 52 (1st Cir.1994).

When *Chapman* is applied to this case, the weight of the liquid LSD, 6.2 grams, triggers the five year mandatory minimum sentence for Defendant. Because the mandatory minimum sentence is greater than the guidelines sentence, the five year mandatory minimum applies.

### III.

Four days after this Circuit's decision in *Andress,* the Ninth Circuit held that Amendment 488 *is* consistent with *Chapman* because it merely standardizes the amount of carrier medium that properly can be viewed as "mixed" with pure LSD. *United States v. Muschik,* 49 F.3d 512, 516 (9th Cir.1995). The *Chapman* court held that including the weight of the carrier medium for sentencing purposes is rational because the medium facilitates the transportation, storage, concealment, and sale of the drug. 500 U.S. at 466, 111 S.Ct. at 1928. Amendment 488 accounts for this facilitation by selecting a standard dosage weight, which also eliminates the potential for sentencing disparities. *Muschik,* 49 F.3d at 516.

The Ninth Circuit, therefore, advocates that both the sentencing range under the guidelines and the mandatory minimum sentence under statute be calculated according to the approach Amendment 488 has presented. In rejecting the dual system of calculation employed in this Circuit, the Ninth Circuit reasons that the Sentencing Commission enacted Amendment 488 to lessen the "undue influence" that different carrier weights have on the offense level and to harmonize offense levels for different controlled substances while taking into account *Chapman's* interpretation of the term "mixture or substance." *Muschik,* 49 F.3d at 517.

Perhaps it would not be improper for us to suggest that this Court reconsider the interplay between Amendment 488 and the mandatory minimum statute. Sound public policy counsels in favor of using the same rule in applying both mandatory minimum sentences and the Sentencing Guidelines. To do otherwise creates the very unwarranted disparities that Congress sought to purge by promulgating the Sentencing Guidelines.

Though the Court finds the reasoning in *United States v. Muschik* persuasive, we must abide by the precedent set by this Circuit in *United States v. Andress.* Accordingly, we hereby reverse the district court's holding that Amendment 488 does not apply and remand the matter for consideration of whether a reduction in Defendant's sentence would be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Should the district court find that a reduction is consistent with policy, the panel instructs the district court to determine from the weight of the LSD, the resulting dosage units which should then be calculated at the standard weight of 0.4 milligrams to determine the sentencing range. If the range is less than the five year mandatory minimum required by statute, however, the five year sentence should be imposed.

**REVERSED.**