74 F.3d 1241
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Tina Marie VIRTA; Oscar Virta, Jr.; Victor Pennell; and
Paul Mousseau, Defendants-Appellants.
 Nos. 94-1648, 94-1661, 94-1822, 94-2256.
 United States Court of Appeals, Sixth Circuit.
 Jan. 16, 1996.
 
 Before: KRUPANSKY, BOGGS, and NORRIS, Circuit Judges.
 OPINION
 ALAN E. NORRIS, Circuit Judge.
 
 
 1
 Defendants appeal the sentences imposed after their convictions for participation in a drug conspiracy. For the reasons stated below, we (1) affirm the sentences of Tina Virta, Oscar Virta, and Paul Mousseau, (2) but vacate and remand for resentencing the sentence of Victor Pennell.
 
 I. FACTS
 
 2
 Defendants were indicted for conspiracy to distribute LSD and marijuana in violation of 21 U.S.C. Secs. 841 and 846. The conspiracy's ringleader was Timothy Galbraith, who is not a party to the present appeal. With the aid of Victor Pennell, Galbraith supplied drugs to his local distributors, which included Tina Virta, Oscar Virta, and Paul Mousseau. Galbraith and Oscar Virta pleaded guilty to conspiracy and a jury returned guilty verdicts on all counts against the remaining defendants. When calculating their sentences, the district court referred to the Drug Quantity Table of the Sentencing Guidelines. U.S.S.G. Sec. 2D1.1(c). The resulting sentences ranged from 120 to 180 months.
 
 
 3
 An earlier panel of this court affirmed the convictions of all four defendants, but vacated and remanded for resentencing the cases of Mousseau and Pennell. United States v. Virta, 16 F.3d 1223 (table), 1994 WL 18023 (6th Cir.1994). We vacated Mousseau's sentence because the district court erred in calculating the amount of LSD for which he was responsible. Pennell's sentence was vacated because the district court failed to make findings regarding the scope of the conspiracy that Pennell actually agreed to undertake, as required by United States v. Jenkins, 4 F.3d 1338, 1346-47 (6th Cir.1993), cert. denied, 114 S.Ct. 1547 (1994).
 
 
 4
 Though we affirmed the sentences of Tina and Oscar Virta, we remanded their cases to the district court for further review in light of Sentencing Commission Amendment 488, which modified U.S.S.G. Sec. 2D1.1(c). That amendment set the weight of each dose of LSD at 0.4 milligrams for drug quantity table purposes. Previously, courts calculated the weight of a dose of LSD by including the actual weight of the LSD's carrier medium.
 
 
 5
 On remand, the district court declined to apply Amendment 488 retroactively to the Virtas' sentences. The district court did, however, lower Paul Mousseau's sentence to the statutory mandatory minimum term of five years imprisonment. Victor Pennell's sentence remained unchanged because the district court found him responsible for all the drug amounts for which the conspiracy's ringleader, Timothy Galbraith, was responsible. For various reasons, defendants now appeal the sentences imposed on remand.
 
 II. ANALYSIS
 A. Tina Marie Virta
 
 6
 The district court held Tina Virta responsible for 1,610 doses of LSD weighing 10.004 grams. This weight included the blotter paper carrier medium to which the LSD was affixed. She received a sentence of 120 months based upon a mandatory ten-year statutory minimum sentence for offenses involving over ten grams of LSD pursuant to 21 U.S.C. Sec. 841(b)(1)(A)(v). On remand, the district court denied her motion to apply Amendment 488 retroactively to her sentence.
 
 
 7
 Tina Virta argues on appeal that, because Amendment 488 directs courts to treat each dose of LSD as weighing 0.4 milligrams regardless of the carrier medium's actual weight, calculations under the statutory mandatory minimum at Sec. 841 should likewise treat each dose as weighing 0.4 milligrams. This argument is foreclosed by our recent opinion in United States v. Andress, 47 F.3d 839, 841 (6th Cir.1995), where we held that Amendment 488 directs that courts are to use the actual weight of the LSD's carrier medium when determining the applicability of any statutory mandatory minimum sentence. See United States v. Ingram, 67 F.3d 126, 127-28 (6th Cir.1995) ("Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence controls.").
 
 
 8
 Because the actual weight of the 1,610 doses for which Tina Virta is responsible is over ten grams, the statutory mandatory minimum sentence applies. Her sentence is affirmed.
 
 B. Oscar Virta
 
 9
 The district court held Oscar Virta responsible for 1,610 doses of LSD weighing 10.004 grams, including the carrier medium to which the LSD was affixed. He received an adjusted sentence of 150 months.
 
 
 10
 Oscar Virta asserts that the district court abused its discretion by not applying Amendment 488 retroactively to his sentence. He notes that, had the court given it retroactive application, the applicable guideline range would have been less than ten years. Ingram would therefore require application of Sec. 841's mandatory minimum ten-year sentence because the weight of these doses including the carrier medium exceeded ten grams.
 
 
 11
 However, a district court is not required to give retroactive application to an amended guideline range. Rather, the decision to reduce a sentence for that reason is discretionary. U.S.S.G. Sec. 1B1.10(a) provides, "[w]here a defendant is serving a term of imprisonment, and the guideline range applicable to the defendant has subsequently been lowered as a result of an amendment to the [guidelines listed in Sec. 1B1.10(c) ], a reduction in defendant's term of imprisonment is authorized under 18 U.S.C. Sec. 3582(c)(2)." The language "is authorized" is not mandatory and commits sentence reductions to the discretion of the district court. United States v. Holmes, 13 F.3d 1217, 1222 (8th Cir.1994). Furthermore, 18 U.S.C. Sec. 3582(c)(2) provides that the district court's discretion is to be guided by those factors set forth in 18 U.S.C. Sec. 3553(a), all of which the district court properly considered. For example, the court evaluated the nature and circumstances of Oscar Virta's offense and termed them "remarkably extensive" and "involving an extraordinary number of people." The court also considered the need for deterrence. Given these concerns, we are not prepared to find that the district court abused its discretion in refusing to apply Amendment 488 retroactively to Oscar Virta's sentence.
 
 C. Paul Mousseau
 
 12
 The district court held Paul Mousseau responsible for more than 1,600 doses of LSD and sentenced him to a term of 135 months of imprisonment. We affirmed his conviction on appeal but recalculated the drug amounts for which he was responsible. Although we recognized that Mousseau ultimately received all the drugs he sold from the conspiracy's ringleader, Timothy Galbraith, we found Mousseau responsible for no more than 1,475.5 doses of LSD because the statements of Mousseau's immediate supplier indicated that Mousseau received less LSD than the district court credited to him. We therefore remanded his case to the district court for resentencing consistent with the recalculated LSD figure.
 
 
 13
 The district court resentenced Mousseau and applied this circuit's dual-rule sentencing scheme. First, the district court computed Mousseau's sentence under the amended guidelines. The court multiplied 1,457.5 by Amendment 488's standardized 0.4 milligram carrier medium weight to get 583 milligrams of LSD. The resulting drug quantity requires a Base Offense Level of 20. Given Mousseau's Criminal History Category Level II, his guideline sentencing range was thirty-seven to forty-six months. Mousseau does not dispute these computations. Next, the court computed Mousseau's sentence under Sec. 841(b)(1)(B)(v)'s five-year statutory mandatory minimum by including the actual weight of the carrier medium. The court computed the weight of Mousseau's LSD in the following manner: Of the 1457.5 doses for which he was held responsible, only sixteen were actually in the possession of the government (Mousseau sold these doses to police informants). Including the carrier medium, these sixteen doses weighed 99.415 milligrams. Thus, one dose of this LSD weighed just over six milligrams. From this, the district court extrapolated that all the 1457.5 doses Mousseau sold must also have each weighed six milligrams. The district court therefore multiplied 1457.5 by six and determined that Mousseau was responsible for 8,745 milligrams, or 8.7 grams, of LSD. Because this amount was more than one gram of LSD but less than ten grams, the district court held that the statutory mandatory minimum five-year term applied and trumped the lesser sentencing guideline range, and Mousseau received a five-year sentence.
 
 
 14
 On appeal, Mousseau contends that it was error for the district court to rely upon the weight of only sixteen doses of LSD in computing the total weight of all 1457.5 doses for purposes of sentencing under Sec. 841. He argues that because the court knew the actual weight of only sixteen LSD doses, the court should have multiplied each remaining dose by Amendment 488's standard carrier medium 0.4 multiplier, not an extrapolated 6.0 multiplier. If the court had utilized the 0.4 milligram multiplier, the weight of the drugs for which Mousseau was responsible would not be enough to trigger any statutory mandatory minimum so as to trump application of the lower sentencing guideline range.
 
 
 15
 It was not error for the district court to assign a weight of 6.0 milligrams to each dose of LSD not in the government's possession. A district court's decision as to the amount of drugs for which a defendant is responsible must stand unless clearly erroneous. United States v. Ward, 68 F.3d 146, 149 (6th Cir.1995). Moreover, "[a]n approximation by a court is not clearly erroneous if it is supported by competent evidence in the record." Id. at 149. In this case, the district court's determination of drug quantity was not clearly erroneous where it approximated the weight of individual drugs not in evidence by extrapolating from the weight of drugs actually obtained from defendant where all the drugs at issue had a common supplier.
 
 D. Victor Pennell
 
 16
 The district court initially sentenced Victor Pennell to 180 months in prison because it found that, as an assistant to the conspiracy's drug supplier, Timothy Galbraith, Pennell was responsible for the entire drug quantity for which Galbraith was responsible. We affirmed his conviction on drug conspiracy charges but remanded his sentence because the district court made inadequate on-the-record findings as to the scope of the criminal activity Pennell actually agreed to undertake. Such a finding is required under United States v. Jenkins, supra, where, as here, a district court must consider relevant conduct under Sec. 1B1.3 to arrive at a base offense level. On remand, the district court made specific findings that Pennell actually agreed to undertake the full scope of Galbraith's activities and resentenced him based upon an LSD drug quantity of 3,391 doses.
 
 
 17
 Pennell's first argument on appeal is that the district court "was unduly prejudiced from all the knowledge it had gained from the government's constant mentioning of" evidence given pursuant to a proffer agreement. This contention is not borne out by the record however. When counsel for Pennell objected to government counsel's reference, the district court conducted an inquiry and determined that the information obtained pursuant to the proffer should be excluded for the purpose of making its Jenkins finding. In fact, the record shows that throughout the resentencing proceeding the district court reminded government's counsel to limit argument to non-proffer material. The record further indicates that the proffer evidence was ultimately excluded from the drug amount computations upon which Pennell's resentencing was based.
 
 
 18
 Pennell also argues that the district court resentenced him based upon the wrong offense level. The crux of his argument is that the district court erred in assigning him responsibility for 3,391 doses of LSD. We review for clear error a district court's conclusion regarding the quantity of drugs involved for sentencing purposes. United States v. Walton, 908 F.2d 1289, 1300-01 (6th Cir.), cert. denied, 498 U.S. 906 (1990).
 
 
 19
 We conclude that the district court did not clearly err when it determined that Pennell was responsible for 3,391 doses of LSD, for the simple reason that the drug summary tables prepared for each defendant indicate that the drug conspiracy headed by Tim Galbraith was responsible for at least 3,391 doses. As Galbraith's assistant, Pennell, too, is responsible for at least the same amount.
 
 
 20
 Nonetheless, Pennell's sentence must be remanded due to a mathematical error contained in his presentence report. At oral argument, counsel for both parties acknowledged that the presentence report incorrectly states that 3,391 doses multiplied by 0.4 milligrams is 13.56 grams. The correct result is 1.356 grams. Consequently, Pennell was held responsible for a greater quantity of drugs under Amendment 488 than he would be otherwise. 18 U.S.C. Sec. 3742(f)(1) provides, "If the court of appeals determines that the sentence was imposed ... as a result of an incorrect application of the sentencing guidelines, the court shall remand the case for further sentencing proceedings...." We therefore must remand Pennell's sentence to be recomputed. In so doing, we decline Pennell's request to reassign his case to another district court judge for resentencing.
 
 
 21
 The sentence of Victor Pennell is vacated and remanded to the district court for resentencing.
 
 III. CONCLUSION
 
 22
 The sentences of Tina Virta, Oscar Virta, and Paul Mousseau are affirmed. The sentence of Victor Pennell is vacated and remanded for further sentencing proceedings not inconsistent with this opinion.