99 F.3d 1140
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Thomas Lynn PARKS, Defendant-Appellant.
 No. 94-5478.
 United States Court of Appeals, Sixth Circuit.
 Oct. 24, 1996.
 
 Before: MERRITT, JONES, and COLE, Circuit Judges.
 
 ORDER
 
 1
 Thomas Lynn Parks, a federal prisoner, appeals that part of a district court order granting his motion for reduction of sentence that resentenced him to 60 months in prison pursuant to the mandatory minimum sentence prescribed by 21 U.S.C. § 841(b)(1)(B)(v). The parties have waived oral argument, and this panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 2
 Parks pleaded guilty in March 1990 to one count of conspiracy to distribute and to possess with intent to distribute marijuana and lysergic acid diethylamide (LSD). The parties stipulated that a total of 800 dosage units of LSD were involved in the conspiracy; these doses were contained on eight sheets of blotter paper weighing a total of 5 grams. On July 13, 1990, the district court sentenced Parks to 92 months in prison and four years of supervised release. Parks's total offense level of 26 was based in part upon the combined weight of the LSD and blotter paper, in accordance with this court's decision in United States v. Elrod, 898 F.2d 60, 61 (6th Cir.) (per curiam), cert. denied, 498 U.S. 835 (1990). A panel of this court affirmed Parks's sentence in an unpublished order. United States v. Parks, No. 90-5969, 1991 WL 22008 (6th Cir.), cert. denied, 501 U.S. 1208 (1991).
 
 
 3
 In January 1994, Parks filed a motion for modification of sentence, pursuant to 18 U.S.C. § 3582(c)(2). Amendment 488 to the U.S. Sentencing Guidelines, effective on November 1, 1993, and given retroactive application, modified USSG § 2D1.1(c) to allow judges to set a base offense level for LSD offenders based upon a standard .4 mg per dose weight instead of the combined weight of the LSD and the blotter paper or other carrier medium. The district court held a resentencing proceeding at which it applied Amendment 488 to reduce Parks's total offense level to 15, with a sentencing range of 30 to 37 months. However, the district court resentenced Parks to 60 months in prison, in accordance with the statutory mandatory minimum sentence.
 
 
 4
 On appeal, Parks argues that the district court erred in considering the total weight of the blotter paper in imposing the mandatory five-year sentence.
 
 
 5
 Upon review, we affirm the district court's order because the mandatory five-year sentence prescribed by statute takes precedence over the amended guidelines sentencing range for Parks's offense.
 
 
 6
 A jurisdictional matter must be initially addressed; the court of appeals has a duty to consider sua sponte whether appellate jurisdiction is properly invoked. See Liberty Mut. Ins. Co. v. Wetzel, 424 U.S. 737, 740 (1976); Cleveland Surgi-Center, Inc. v. Jones, 2 F.3d 686, 691 (6th Cir.1993), cert. denied, 510 U.S. 1046 (1994). Parks's attorney has informed this court that Parks has been released from his incarceration and is currently on supervised release. Nevertheless, even though Parks challenges only the length of his prison sentence, his appeal is not moot. If this panel were to agree that Parks should have been sentenced within his new guidelines range to a shorter term of imprisonment, he would be entitled to an earlier end to his term of supervised release. See United States v. Chavez-Palacios, 30 F.3d 1290, 1293 (10th Cir.1994); McClain v. Bureau of Prisons, 9 F.3d 503, 505 (6th Cir.1993) (per curiam); United States v. Smith, 991 F.2d 1468, 1470 (9th Cir.1993); United States v. Huang, 977 F.2d 540, 542 n. 1 (11th Cir.1992) (per curiam).
 
 
 7
 Turning to the merits of Parks's appeal, the district court did not err in imposing the five-year mandatory minimum sentence. Where the statutorily mandated minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guidelines sentence, and the court has no discretion to impose a sentence below the statutory minimum. See USSG § 5G1.1(b); United States v. Barnes, 49 F.3d 1144, 1150 (6th Cir.1995).
 
 
 8
 The plain language of 21 U.S.C. § 841(b)(1)(B)(v) requires the entire weight of the carrier medium to be included when determining a defendant's sentence for trafficking in LSD. See Chapman v. United States, 500 U.S. 453, 459-61 (1991). The Supreme Court recently addressed the issue raised by Parks and held that, despite Amendment 488, if the total combined weight of the carrier medium containing the doses of LSD exceeds 1 gram, Chapman controls and the mandatory minimum sentence must be imposed. See Neal v. United States, 116 S.Ct. 763, 768-69 (1996). See also United States v. Andress, 47 F.3d 839, 840-41 (6th Cir.1995) (per curiam).
 
 
 9
 Because the combined weight of the blotter paper and LSD in Parks's case was 5 grams, the district court was required by statute to impose a 60-month sentence. Accordingly, the district court's order, entered on March 30, 1994, is affirmed.