UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-11034
SUMMARY CALENDAR
_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JUAN GURRUSQUIETA; ARTURO GURRUSQUIETA,

Defendants - Appellants.

_____

On Appeal from the United States District Court for the
Northern District of Texas, Dallas Division
(3:97-CR-158-19-P)
_____

November 21, 2002

Before REYNALDO G. GARZA, HIGGINBOTHAM, and BENAVIDES, Circuit Judges.

REYNALDO G. GARZA, Circuit Judge:[1]

Defendants Juan and Arturo Gurrusquieta appeal the sentences imposed by the district court following their jury convictions for conspiracy to import and distribute marijuana, and other drug related offenses. For the following reasons, we affirm the district court's judgment and the sentences imposed.

_____

[1]Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

I.

Juan and Arturo Gurrusquieta are both currently serving federal sentences for drug related offenses. The two brothers were indicted on May 7, 1997, for conspiring to import and distribute marijuana. The indictment was superseded on June 3, 1997 and again on August 28, 1997. Count 1 of the second superseding indictment charged the Gurrusquietas with conspiring to import and distribute in excess of 1,000 kilograms of marijuana from November of 1995 through May, 13, 1997. Count 8 of the indictment charged the pair with use of a telephone in furtherance of the conspiracy to distribute. Arturo Gurrusquieta was also charged, in Count 20, with conspiracy to launder money, and in Counts 29 and 30 with money laundering. A jury found the defendants guilty on all aforementioned counts.

Arturo Gurrusquieta was sentenced to 240 months in prison, which was to be followed by a ten-year term of supervised release; in addition, a special assessment of $500 was also imposed. On appeal, this Court remanded the matter for re-sentencing after determining that Arturo had erroneously been held responsible for 1,000 kilograms of marijuana, when the evidence presented at trial and in the presentence report ("PSR") revealed that he was only responsible for 668.15 kilograms. *See United States v. Robles*, No. 98-10110 (5th Cir. Aug. 26, 1999)(unpublished). On remand, Arturo was re-sentenced to a total custody term of 156 months, and to four years of supervised release; he was also ordered to pay a mandatory special assessment of $500. Arturo Gurrusquieta then filed timely notice of this appeal

Juan Gurrusquieta was sentenced to 120 months in custody, a five-year term of supervised release, and was ordered to pay a mandatory special assessment of $200. He filed a notice of appeal on January 30, 1998. This Court dismissed Juan's appeal for want of prosecution. Juan

Gurrusquieta then filed a 28 U.S.C. § 2255 motion and was subsequently granted an out-of-time appeal. Juan's new notice of appeal was timely filed on August 1, 2001.[2]

## II.

## ARTURO GURRUSQUIETA

Arturo Gurrusquieta argues that the district court committed reversible error when it imposed a sentence enhancement under the Sentencing Guidelines, based on its determination that he was responsible for 668.15 kilograms of marijuana. According to Arturo, *Apprendi v. New Jersey*, 530 U.S. 466 (2000), requires that enhancements facts must be proved to a jury beyond a reasonable doubt. Arturo concedes, however, that his argument is foreclosed by circuit precedent, and raises the issue only to preserve it for Supreme Court review. Arturo also raises what he frames as a separate argument, positing that even if *Apprendi* does not compel the submission of Guideline Sentencing facts to a jury, *Apprendi*'s holding must be logically extended to cover sentencing enhancements under the Guidelines.

This Court has previously held that *Apprendi* does not invalidate a district court's factual findings for purposes of determining the applicable Sentencing Guidelines when the defendant is not sentenced beyond the statutory maximum. *See United States v. Doggett*, 230 F.3d 160, 166 (5th Cir. 2000), *cert. denied*, 531 U.S. 1177 (2001). In this case, Arturo Gurrusquieta's sentence did not exceed the statutory maximum.[3] We have recently reaffirmed our position on this matter,

---

[2] This Court directed the parties to brief the issue of whether Juan Gurrusquieta's appeal was premature. That issue, however, is now moot because on May 23, 2002, the district court reentered the judgment of conviction and sentence. Juan's August 1, 2001, notice of appeal is considered filed on the date of reentry. *See* Fed. R. App. P. 4(b)(2).

[3] Because he had a prior conviction for a felony offense, Arturo was subject to a ten-year maximum. Therefore his sentence of 120 months did not exceed the statutory maximum.

holding that "no *Apprendi* violation occurs where a fact used in sentencing that was not alleged in an indictment and proved to a jury does not increase the sentence beyond the statutory maximum." *United States v. McIntosh*, 280 F.3d 479, 484 (5th Cir. 2002). Controlling precedent forecloses Arturo Gurrusquieta's arguments, and we are bound by such precedent absent an intervening Supreme Court decision or a subsequent en banc decision. *See United States v. Short*, 181 F.3d 620, 624 (5th Cir. 1999). Arturo Gurrusquieta's sentence is therefore AFFIRMED.

## III.

## JUAN GURRUSQUIETA

## A.

We now turn to Juan Gurrusquieta's argument regarding the district court's imposition of a ten-year mandatory sentence. According to Juan, the trial court erred because it erroneously imposed the mandatory ten-year minimum under 21 U.S.C. §§ 846 and 841(b)(1)(A)(vii), and therefore did not consider the relevant guideline range as a sentencing option. Juan submits that the district judge mistakenly considered the amount of marijuana attributed to the conspiracy as a whole, rather than the amount of marijuana for which he was personally responsible, when determining if the mandatory minimum was required.

Juan Gurrusquieta objected to the applicability of the mandatory minimum for the first time on appeal. Accordingly, his argument pertaining to the ten-year mandatory minimum is reviewed only for plain error. *See United States v. Morgan*, 292 F.3d 460, 465 (5th Cir. 2002). Under plain error review, the defendant must show "(1) an error; (2) that is clear or plain; (3) that affects [his] substantial rights; and (4) that seriously affects the fairness, integrity or public reputation of judicial proceedings." *United States v. Vasquez*, 216 F.3d 456, 459 (5th Cir. 2000).

At the onset, we note that it is not altogether clear why the district court believed that a ten-year mandatory minimum sentence should apply. According to the PSR, case agents were able to attribute 1,067 pounds (483 kilograms) of marijuana to Juan Gurrusquieta. In addition, the PSR and testimony from the probation officer indicated that, together, Juan and Arturo were responsible for suppling approximately 25 percent of the 11, 613 kilograms of marijuana ultimately distributed by the De La Torre narcotics organization.

The court adopted the findings of the PSR, and expressly noted that the final finding with regards to Juan was that he was responsible for 483 kilograms of marijuana –though the court also noted that, according to the 25% figure, the actual amount could be much higher. Relying on the 483 kilogram amount, the court determined the guideline range to be 97-121 months. The court then stated, "Of course, we have a mandatory minimum in this case of 120 months, so 120 to 121 months becomes the range." As noted above, Juan Gurrusquieta did not object to the application of the mandatory minimum.

When sentencing Juan, the court again referred to the PSR and the findings of the probation officer, stating as follows:

I've adopted the findings of the Probation Office contained in their pre-sentence report. I'll make further findings. Find that defendant was involved in the conspiracy, November, [sic] 1995 through February of 1997, as indicated in the pre-sentence report. He was responsible for at least 1,060 pounds of marijuana. Undertaking criminal activity, this quantity of marijuana was reasonable [sic] foreseeable to him as being part of the general undertaking of criminal activity. So that's what yields the guideline range we have. We

have a minimum of 120 months. We have a guideline range of 120 to 121 months.[4]

As our review of the record shows, it is not readily apparent why the district court believed the mandatory ten-year minimum was applicable. Part of the confusion may stem from the fact that, in Count 1, Juan was indicted for conspiring to distribute in excess of 1,000 kilograms of marijuana, in violation of 21 U.S.C. § 841(a)(1), which carries a mandatory minimum sentence of 10 years. Juan's conviction under § 846, however, does not automatically trigger the mandatory minimum sentence found in § 841(a)(1). For sentencing purposes, a defendant is only accountable for all quantities of the marijuana with which he was directly involved, and all reasonably foreseeable quantities of marijuana that were within the scope of the criminal activity that he jointly undertook. *See* U.S.S.G § 1B1.3, comment. (n.2). In other words, an individual convicted of conspiring to distribute at least 1,000 kilograms of marijuana under 21 U.S.C. §§ 846 and 841(b)(1)(A)(vii) is not necessarily subject to the ten-year minimum. Only if the defendant is responsible for at least 1,000 kilograms, as determined by the Sentencing Guidelines, does the mandatory statutory minimum apply. The district court was therefore incorrect, insofar as it determined that 1,067 pounds (or 483 kilograms) required a ten-year mandatory minimum.

It is also possible, as the Government argues, that the district court relied on the 25 % figure found in the PSR and determined that Juan was responsible for 25 percent of the marijuana distributed by the De La Torre organization. The minimum amount that could be attributed to the De La Torre organization was 9,000 kilograms, and 25 percent of that amount would be 2,250 kilograms. If this were the case, the figure would have been enough to trigger the mandatory ten-

---

[4] For the sake of clarity, it should be noted that there was no objection to the applicability of the mandatory minimum at this time either.

year minimum sentence. The record does not appear to support this account of the district court's reasoning, but, again, it is unclear why the district court's applied the mandatory minimum.

In any event, Juan Gurrusquieta cannot establish plain error. He acknowledges that his 120-month sentence falls within the applicable guideline range of 97 to 121 months, and this Court has consistently held on plain error review that a defendant is not entitled to re-sentencing if the district court could, on remand, impose the same sentence. *See, e.g., United States v. Leonard*, 157 F.3d 343, 346 (5th Cir. 1998). Juan Gurrusquieta is therefore not entitled to re-sentencing.

B.

We next turn to the issue of whether or not the district court erred when it attributed 483 kilograms of marijuana to Juan Gurrusquieta. Juan argues that, although the trial court's sentence of 120 months fell within the guideline range for the quantity of marijuana attributed to him in the PSR (483 kilograms), the PSR did not properly calculate the quantity according to the sentencing guidelines. According to Juan, the pertinent PSR facts and witness testimony only established that he was responsible for approximately half of the amount of marijuana that was stated in the PSR –i.e., only 246 kilograms.

This Court reviews the application of the sentencing guidelines to factual findings and factual findings themselves for clear error. *United States v. Rivera*, 898 F.2d 442, 445 (5th Cir. 1990). "A factual finding is not clearly erroneous as long as the finding is plausible in the light of the record as a whole." *United States v. Reveles*, 190 F.3d 678, 685 (5th Cir. 1999)(internal quotations and citation omitted). The applicable standard of proof for sentencing purposes is a preponderance of the evidence. *Id*.

A PSR bears sufficient indicia of reliability such that the sentencing court may rely on it to satisfy Federal Rule of Criminal Procedure 32. *See United States v. Huerta*, 182 F.3d 361, 364 (5th Cir. 1999). If the facts contained in the PSR have an adequate evidentiary basis and the defendant does not offer rebuttal evidence, they may be adopted by the sentencing court. *See id*.

Juan Gurrusquieta asserts that the total amount of marijuana obtained from the traffic stops and cash seizures described in the PSR does not account for the 483 kilograms for which he was held responsible. The PSR, however, based the 483 kilogram determination on factors other than simply the traffic stops and cash seizures. According to the PSR:

> The [483 kilograms] is based on the 216 pounds of marijuana seized on May 13, 1997 from Armando Gurrusquieta's home, *physical surveillance*, *intercepted wire conversations*, *debriefings with codefendants*, and the money that was seized during the investigation. (Emphasis added).

In other words, physical surveillance, wire conversations and debriefings were also used to calculate the amount for which Juan was held responsible. Juan Gurrusquieta did not offer rebuttal evidence to show that these sources were insufficient to prove drug quantity. It was therefore not clear error for the district court to find that Juan was responsible for 483 kilograms of marijuana.

## C.

In closing, we address, *sua sponte*, the issue of whether or not Juan Gurrusquieta is entitled to *Apprendi* relief. Applying the plain error standard of review, we hold that, given Juan's concession that he was responsible for no less than 205 kilograms of marijuana, neither his prison sentence nor his supervised release term are in excess of the statutory maximum for that drug

quantity. He is therefore not entitled to *Apprendi* relief. *See* 21 U.S.C. § 841(b)(1)(B)(statutory penalty for 100 kilograms or more of marijuana); *United States v. Cotton*, 122 S.Ct. 1781, 1786 (2002)(no plain error where evidence of drug quantity is "overwhelming" and "essentially uncontroverted")(internal quotation and citations omitted); *United States v. Doggett*, 230 F.3d 160, 166 (5th Cir. 2000)(*Apprendi* applies only where sentence exceeds statutory maximum), *cert*. *denied*, 531 U.S. 1177 (2001).

IV.

For the foregoing reasons the judgment of the district court is AFFIRMED.