**UNITED STATES of America,
Plaintiff,**

v.

**William Leonard PICKARD,
Defendant.**

**No. 00–40104–01–RDR.**

United States District Court,
D. Kansas.

Dec. 4, 2003.

William K. Rork, Rork Law Office, Topeka, KS, for Defendant.

Gregory G. Hough, Office of United States Attorney, Topeka, KS, for Plaintiff.

## MEMORANDUM AND ORDER

ROGERS, District Judge.

On November 25, 2003 the court imposed sentence in this case. The purpose of this memorandum and order is to memorialize the sentence imposed by the court at the conclusion of the sentencing hearing.

On March 31, 2003, the defendant and his co-defendant, Clyde Apperson, were

found guilty by a jury of (1) conspiracy to manufacture, distribute and dispense 10 grams or more of a mixture or substance containing a detectable amount of lysergic acid diethylamide (LSD) in violation of 21 U.S.C. § 846, and (2) possession with intent to distribute or dispense 10 grams or more of a mixture or substance containing a detectable amount of LSD in violation of 21 U.S.C. § 841(a)(1). Prior to trial, the government had filed an information pursuant to 21 U.S.C. § 851. The information indicated that the defendant had two prior felony drug offenses.

The government and the defendant raised objections to the presentence report. The government raised one objection while the defendant raised numerous objections. The objections raised by the defendant were categorized by the probation office into 22 objections. The court considered them as grouped by the probation office. The court conducted an extensive sentencing hearing with the government and the defendant providing evidence. The evidence offered focused on the drug quantities attributable to the defendant.

## GOVERNMENT'S OBJECTION

*Defendant's Base Offense Level*

The government contends that the defendant's base offense level should be increased by two levels pursuant to U.S.S.G. § 2D1.2(a)(1) because he used a pregnant woman, Natasha Kluglova, in the conspiracy for which he was convicted. The government further argues that the defendant's offense level should be increased by three levels pursuant to U.S.S.G. § 2D1.10(a) because he endangered the lives of several individuals during the manufacture and cleanup of his LSD manufacturing locations. The defendant, without providing any reasons, disagrees with the arguments of the government. The probation office contends that the government is

misapplying the guidelines. The probation office suggests that U.S.S.G. § 2D1.1 is the appropriate guideline to determine the defendant's base offense level, and that the conduct here is not sufficient to warrant the use of §§ 2D1.2 or 2D1.10.

The court believes that the probation office has properly calculated the defendant's base offense level through the use of U.S.S.G. § 2D1.1. The court rejects the government's arguments that §§ 2D1.2 or 2D1.10 should be applied here.

## DEFENDANT'S OBJECTIONS

*Charges and Convictions*

The defendant initially objects to the wording of the charges and convictions in this case as stated in paragraphs 9, 101 and 102 of the presentence report. The court need spend little time with this contention since it is clearly frivolous. The presentence report accurately sets forth the charges and convictions in this case. As stated by the probation office, this objection does not affect the defendant's sentence.

*Factual Background/Drug Quantities*

The defendant next objects to a number of the facts stated in the presentence report. The defendant also objects to the drug quantities found in the presentence report. The government and probation office assert the facts stated in the presentence report are accurate. They also contend that the drug quantities in the presentence report accurately reflect the trial testimony of DEA Forensic Chemist Timothy McKibben.

The court has undertaken a thorough review of the facts as set forth in the presentence report. The court has also carefully considered the objections made by the defendant. The defendant has quibbled with some facts, suggested that others were not supported by the record,

and argued that some facts lack corroboration of Skinner's testimony. He also suggests at times that the probation office was biased in the presentation of the facts. The court finds that the facts contained in the presentence report accurately reflect the evidence provided at trial. Accordingly, these objections shall be denied.

■■ The court shall next consider the defendant's arguments concerning the drug quantities. Drug quantities attributable to a defendant convicted of a conspiracy are established "on the basis of the quantity of drugs which [the defendant] reasonably foresaw or which fell within 'the scope' [of the defendant's] agreement with the conspirators." *United States v. Roberts*, 14 F.3d 502, 522 (10th Cir.1993) (citations, quotations and emphasis omitted). For sentencing purposes, the government bears the burden of proving the quantity of drugs by a preponderance of the evidence. *United States v. Hooks*, 65 F.3d 850, 854 (10th Cir.1995), cert. denied, 516 U.S. 1083, 116 S.Ct. 797, 133 L.Ed.2d 745 (1996). In calculating the quantity of drugs attributable to a defendant, sentencing courts may consider a wide range of information so long as it bears a minimum indicia of reliability to support its probable accuracy. *United States v. Browning*, 61 F.3d 752, 754 (10th Cir.1995); see also U.S.S.G. § 6A1.3(a).

The presentence report indicates that the following substances were discovered during the initial "sneak and peak" at the Wamego missile base on October 31, 2000 or upon the arrest of the defendant on November 5, 2000: 41.3 kilograms of LSD, 23.6 kilograms of iso-LSD (a byproduct of the reaction that can be converted back to LSD), 97.5 kilograms of lysergic acid (the immediate precursor in the manufacturing process), and 6.5 kilograms of ergocristine (a commercially available precursor). The evidence further showed that an additional

13 kilograms of ergocristine that belonged to the defendants was subsequently recovered. In arriving at a base offense level of 38 under the U.S.S.G. § 2D1.1, the probation office relied solely upon 41.3 kilograms of LSD. In doing so, the probation office relied upon the total liquid amount of the LSD. The weight of the pure LSD found in the 41.3 kilograms was determined to be 198.9 grams.

■ The court shall begin by considering the issue of how the amount of LSD is to be determined—the weight of the liquid LSD or the weight of the LSD in pure form. Every circuit court that has considered this issue has determined that when LSD is contained in a liquid solution, the weight of the pure LSD alone should be used to determine the offense level. *United States v. Morgan*, 292 F.3d 460, 464 (5th Cir.2002); *United States v. Camacho*, 261 F.3d 1071, 1074 (11th Cir.2001); *United States v. Sia*, No. 96–1808, 1996 WL 728191 (1st Cir.1996) (unpublished); *United States v. Ingram*, 67 F.3d 126, 128 (6th Cir.1995); *United States v. Turner*, 59 F.3d 481, 485 (4th Cir.1995). Although we have some concerns about the merit of these decisions, we shall apply this rule to this case.

■ The court has carefully considered the testimony provided by DEA chemist McKibben and the defendant's expert witness, Dr. Peter Lott. The court recognizes the various flaws noted by Dr. Lott. Nevertheless, the court finds that the procedures used by the DEA were proper and the results obtained were reliable. Given the testimony presented during the sentencing hearing, the court is convinced that the total amount of LSD involved in this case exceeds 300 grams by a considerable quantity. This amount includes the actual LSD, the iso-LSD, and the lysergic acid, as well as the ergocristine. The evidence is clear that the amounts of actual

LSD coupled with the amounts that could be produced through the use of the ergocristine rise far above the 300–gram threshold. Accordingly, the court shall apply a base offense level of 38. Of course, this amount does not include the LSD that was manufactured by the defendant at Aspen, Santa Fe and Ellsworth. The evidence is very strong that considerable amounts of LSD were produced at Santa Fe and Ellsworth. Some or all of these drug amounts from these activities could be considered relevant conduct here. See U.S.S.G. § 1B1.3. In sum, the court is thoroughly convinced that the drug amounts attributed to the defendant are extremely conservative. Accordingly, this aspect of the defendant's objection shall be denied.

*Obstruction of Justice*

The defendant objects to the portions of the presentence report concerning an adjustment for obstruction of justice, paragraphs 91 to 97 and 108. The defendant argues that there is no factual or legal basis for a two-level enhancement under U.S.S.G. § 3C1.1. The government and the probation office contend that the enhancement has been properly applied. The probation office points out in the presentence report that the enhancement is appropriate because the defendant (1) filed a false affidavit prior to trial in support of co-defendant Apperson; (2) testified falsely at trial concerning co-defendant Apperson's lack of knowledge of the LSD laboratory; (3) directed Kluglova to provide certain materials to Alfred Savinelli in an effort to threaten him; (4) contacted government witnesses and others prior to trial in an attempt to influence their testimony or learn the nature of it; (5) presented one of his witnesses, Brandon Valerius, with a false affidavit; and (6) testified falsely concerning the return of Stinger missiles from Afghanistan.

■ The court believes that this adjustment is appropriate here for several reasons. However, the court shall focus only upon the allegations concerning the defendant's perjury. The court believes that the two-level enhancement is proper because the defendant filed a false affidavit prior to trial and testified falsely during trial concerning the knowledge of his co-defendant of the LSD laboratory.

Recently, in *United States v. Sarracino,* 340 F.3d 1148, 1172–73 (10th Cir.2003), the Tenth Circuit outlined the requirements for application of the adjustment for obstruction of justice based upon perjury as follows:

> The district court must enhance a defendant's base offense level by two levels if it finds that:

> [T]he defendant willfully obstructed or impeded, or attempted to obstruct or impede the administration of justice during the course of the investigation, prosecution, or sentencing of the instant offense of conviction, and ... the obstructive conduct related to ... the defendant's offense of conviction and any relevant conduct; ...

U.S.S.G. § 3C1.1(A)-(B). A section 3C1.1 enhancement predicated upon perjury is appropriate when the sentencing court finds that the defendant has given " '[i] false testimony [ii] on a material matter [iii] with the willful intent to provide false testimony, rather than as a result of confusion, mistake, or faulty memory.' " See *United States v. Mounkes,* 204 F.3d 1024, 1029 (10th Cir.) (quoting *United States v. Dunnigan,* 507 U.S. 87, 94, 113 S.Ct. 1111, 122 L.Ed.2d 445 (1993)), cert. denied, 530 U.S. 1230, 120 S.Ct. 2661, 147 L.Ed.2d 275 (2000). " 'Material' evidence ..., as used in ... section [3C1.1], means evidence ... that, if believed, would tend to influence or

affect the issue under determination." U.S.S.G. § 3C1.1, comment. (n.6).

■■■ The mere fact that a defendant testifies to his innocence and is later found guilty does not automatically warrant a finding of perjury. *United States v. Markum*, 4 F.3d 891, 897 (10th Cir.1993). To make a finding of perjury every time the defendant testifies and is convicted "would impinge upon the constitutional right to testify on one's own behalf." *Id.* Mere disagreement "between the defendant's testimony and the jury's verdict is insufficient to support a finding of perjury." *United States v. Weller*, 238 F.3d 1215, 1222 (10th Cir.2001).

The sentencing court is required to "carefully review the evidence and make findings independent of the jury verdict which specifically identify the testimony at issue and establish that it, in fact, constitutes perjury." *Id.* The required findings must cover all the factual criteria of perjury. *United States v. Anderson*, 189 F.3d 1201, 1213 (10th Cir.1999).

In an affidavit submitted to the court on January 10, 2001, the defendant stated: (1) his co-defendant, Clyde Apperson, accompanied him to Kansas for the purpose of moving some industrial equipment belonging to a friend; (2) he never advised Apperson that the equipment he was moving was or could be used for the purpose of manufacturing LSD; (3) he never advised Apperson that the equipment he was moving could be used for illegal purposes; and (4) Apperson never participated or engaged in any conspiratorial agreement with him or anyone else to manufacture or distribute LSD or any other illegal substance. At trial, the defendant testified that Apperson had no knowledge of the LSD equipment and had never engaged in any conspiracy to manufacture or distribute LSD.

The statements contained in the affidavit and the testimony offered at trial by the defendant concerning the lack of knowledge and involvement by his co-defendant were clearly false. The evidence at trial, particularly the tape recordings, demonstrated that the defendant's statements were false on material matters and made with the willful intent to provide false testimony. There can be little dispute that Apperson was actively involved in the charged conspiracy and fully aware of the mission to move the LSD lab when he arrived in Kansas. Accordingly, for these reasons, the court finds that the defendant committed perjury and that an enhancement for obstruction of justice is appropriate.

*Acceptance of Responsibility*

The defendant next objects to paragraphs 98 and 99 concerning an adjustment of acceptance of responsibility. The defendant apparently believes that he is entitled to a reduction for acceptance of responsibility. He points out that he has not benefitted from having transcripts of the trial, and wishes to preserve this objection until he has reviewed the transcripts. The government and the probation office assert that acceptance of responsibility has properly been denied.

A defendant is entitled to a reduction in offense level if he "clearly demonstrates acceptance of responsibility for his [or her] offense." U.S.S.G. § 3E1.1(a). A defendant who requires the government to prove his or her guilt at trial may qualify for acceptance of responsibility only in rare situations. *Id.*, at comment. (n.2). A defendant has acted in a manner inconsistent with acceptance of responsibility adjustment if he or she "falsely denies ... relevant conduct...." *Id.*, at comment. (n.1(a)). Although a defendant who is convicted at trial is not precluded automatically from receiving an acceptance of respon-

sibility adjustment, a defendant who goes to trial only to require the government to prove his or her factual guilt generally would not be entitled to the adjustment. *Id.*, at comment. (n. 2). In addition, false testimony that results in an enhancement for obstruction of justice generally is inconsistent with an adjustment for acceptance of responsibility. *Id.*, at comment. (n. 4).

■ The court agrees wholeheartedly with the government and probation office. Any suggestion by the defendant that he is entitled to acceptance of responsibility is laughable. He has contested every factual matter in this case. Acceptance of responsibility under U.S.S.G. § 3E1.1 is clearly not appropriate here. As accurately pointed out by the probation office, the transcripts of the court proceedings are certainly not necessary to conclude that the defendant is not eligible for this reduction.

### Unlawful Discharge, Emission or Release of Hazardous or Toxic Substances

The defendant objects to paragraph 104 concerning the unlawful discharge, emission or release into the environment of a hazardous or toxic substance. He contends that the facts do not support a two-level enhancement under U.S.S.G. § 2D1.1(b)(5)(A). The government and probation office assert that the enhancement has been properly applied. The probation office contends that the enhancement is appropriate based upon the defendant's (1) dumping of LSD and LSD-related substances onto the ground at the Wamego missile base on November 5, 2000; and (2) transportation of those same substances in and around various locations around the country.

■ In order to apply this enhancement, the court need only focus on the first basis for the enhancement. The evidence is clear that on November 5, 2000, Pickard dumped many gallons of liquid containing LSD and LSD by-products onto the grounds at the Wamego missile base. This evidence requires the application of this enhancement. Accordingly, this objection shall be denied.

### Role in the Offense

The defendant next objects to the four-level enhancement applied in paragraph 106 for his role in the offense. He suggests that a four-level enhancement under U.S.S.G. § 3B1.1(a) is not supported by the facts or the law. He concedes, however, that a one-level enhancement might be appropriate. The government and the probation office assert that a four-level enhancement under § 3B1.1(a) is proper here.

■ U.S.S.G. § 3B1.1(a) provides that a defendant's offense level shall be increased by four points "[i]f the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive." The government bears the burden of proving by a preponderance of the evidence the facts necessary to establish the applicability of this enhancement. See *United States v. Cruz Camacho*, 137 F.3d 1220, 1224 (10th Cir.1998). In determining whether a defendant is a leader or organizer, a court should consider the following factors:

> the exercise of decision-making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others.

U.S.S.G. § 3B1.1, comment (n.4.). "In considering these factors, the sentencing

court should remain conscious of the fact that the gravamen of this enhancement is control, organization, and responsibility for the actions of other individuals because § 3B1.1(a) is an enhancement for organizers or leaders, not for important or essential figures." *United States v. Torres*, 53 F.3d 1129, 1142 (10th Cir.1995) (citations and quotations omitted). Nevertheless, "[t]he Guidelines do not require that each of the factors be satisfied for § 3B1.1(a) to apply." *United States v. Bernaugh*, 969 F.2d 858, 863 (10th Cir.1992).

■ There is no question that this enhancement must be applied. The defendant was the primary organizer of an operation that produced substantial amounts of LSD. He was the individual who possessed control over the operation, made the important decisions and recruited accomplices. Any suggestion to the contrary is completely against the weight of the evidence in this case. Accordingly, this objection must be denied.

*Abuse of a Position of Trust or Use of a Special Skill*

The defendant objects to the two-level enhancement imposed in paragraph 107 for abuse of a position of trust or use of a special skill under U.S.S.G. § 3B1.3. The defendant again suggests that there is no factual or legal basis for this adjustment. The government and probation office contend that this enhancement has been properly applied. The probation office asserts that this enhancement is proper because the defendant (1) used his positions at Harvard and UCLA to further his involvement in the manufacture of LSD; and (2) used his special skills as a chemist to manufacture LSD.

■ The court is persuaded that this enhancement is appropriate because the defendant used his special skill as a chemist to manufacture LSD. A special skill is one "not possessed by members of the general public and usually requiring substantial education, training, or licensing." U.S.S.G. § 3B1.3, comment. (n. 2). Because the comment adds the word "usually," there is no basis for limiting the increase to only those with formal educations or professional skills. See *United States v. Hummer*, 916 F.2d 186, 191 (4th Cir. 1990) (finding that the use of the word "usually" in the note to U.S.S.G. § 3B1.3 "implies that substantial training is not a mandatory prerequisite to making a special skills adjustment"), cert. denied, 499 U.S. 970, 111 S.Ct. 1608, 113 L.Ed.2d 670 (1991).

The defendant used his special skills as a chemist to produce vast quantities of LSD. His special knowledge and research allowed him to produce quantities that exceeded normal production. Accordingly, this enhancement is proper. See *United States v. Carlson*, 87 F.3d 440, 446–47 (11th Cir.1996); *United States v. Spencer*, 4 F.3d 115, 120 (2nd Cir.1993).

*Adjusted Base Offense Level*

The defendant objects to the adjusted base offense level contained in paragraph 109 based upon his aforementioned objections. Since the court has found no merit to any of the defendant's previous objections, the court finds no basis to alter the adjusted base offense level contained in paragraph 109. The court notes that even if the court has erred in the application of one or more of the aforementioned enhancements so that the defendant's guideline range would drop to 360 months to life, I would still impose a sentence of life.

*Criminal History*

The defendant has raised various objections to the criminal history portion of the presentence report. The defendant contends that (1) the information concerning his 1998 false statement in a passport con-

viction is incorrect [paragraph 117]; (2) the addition of one point for his 1988 false identification to a peace officer conviction is inappropriate [paragraph 118]; and (3) the charge of carrying a concealed weapon in 1986 does not indicate that it was not prosecuted due to the age of the case [paragraph 122]. The government and the probation office assert that the defendant's criminal history is accurately and properly calculated under the guidelines.

The court has considered each of the defendant's objections to the criminal history portion of the presentence report. The court finds no merit to any of them. The court finds that the information is accurate and the analysis provided by the probation office is correct. Accordingly, these objections shall be denied.

*Offender Characteristics*

The defendant has raised various objections to the offender characteristics portion of the presentence report. The government has not responded to any of these objections. The probation office asserts that the information contained in the presentence report is accurate.

The court finds it unnecessary to make any rulings on these objections because they do not impact the application of the guidelines. Fed.R.CrimP. 32(i)(3)(B).

*Imposition of a Fine*

The defendant objects to paragraph 152 where the probation office indicated that the defendant failed to complete the necessary forms to determine if a fine should be imposed. The defendant asserts that the probation office has enough information in its possession, or can obtain the necessary information, to determine if a fine should be imposed. The government has not responded to this motion. The probation office acknowledges that it has some information on the defendant, but also reiterates that the defendant has not

submitted the forms submitted to him. The probation office contends that, without the submission of the forms, the defendant has not met his burden of proving that a fine should be waived here.

The court has reviewed prior documents submitted by the defendant on his financial condition. The court has determined that the defendant has met his burden of proving that a fine should be waived here. The court does not intend to impose a fine.

*Upward Departure*

The defendant objects to paragraphs 171, 172 and 173 concerning the possibility of an upward departure. He argues that a departure based upon the possession of liquid LSD is not appropriate. The government has filed no response to this objection. The probation office suggests that the information contained in these paragraphs is an accurate interpretation of the Sentencing Guidelines.

The court finds it unnecessary to decide this objection because it does not intend to depart upward.

*Downward Departure*

The defendant seeks a downward departure based upon prosecutorial misconduct and improper investigative techniques. The defendant has noted a variety of examples where the government engaged in misconduct. The defendant also suggests that the court should depart downward because of his efforts to provide substantial assistance to the government. The government and the probation office assert that there are no grounds for a downward departure here.

Before granting a downward departure, the district court must find that "there exists ... [a] mitigating circumstance of a kind ... not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that de-

scribed." 18 U.S.C. § 3553(b); see also U.S.S.G. § 5K2.0; *United States v. Ziegler*, 39 F.3d 1058, 1060 (10th Cir.1994).

 The court recognizes that a downward departure can be applied based on governmental misconduct. See, e.g., *United States v. Nolan–Cooper*, 155 F.3d 221, 242–243 (3rd Cir.1998). Nevertheless, the court is not persuaded that a downward departure is appropriate here. The court has not found sufficient evidence of governmental misconduct to justify a downward departure. In considering the defendant's motion for new trial, the court addressed the defendant's allegations of governmental misconduct and improper investigative techniques. There, the court found no evidence of any substantial misconduct by the government. Accordingly, the court shall not depart downward on this basis.

The defendant has also suggested that the court should depart downward because he has cooperated with the government and the government has refused to file a motion pursuant to U.S.S.G. § 5K1.1. In the absence of a government motion for a substantial assistance downward departure, a court may review the prosecutor's decision not to move for a departure only if the refusal is based on an unconstitutional motive, such as race or religion, or if "the government's stubborn refusal presents an egregious case because of 'overwhelming evidence that the accused's assistance has been so substantial as to cry out for meaningful relief.'" *United States v. Cerrato–Reyes*, 176 F.3d 1253, 1264 (10th Cir.1999). The court finds no evidence of any improper motive by the government in not filing such a motion. The court also does not find that the circumstances here suggest a stubborn refusal by the government in an egregious case.

Having concluded that the government has not improperly failed to file a motion pursuant to § 5K1.1, the court has no power to depart on this basis. *United States v. Maldonado–Acosta*, 210 F.3d 1182, 1184 (10th Cir.2000) (U.S.S.G. § 5K2.0 does not authorize sentencing court to grant departure for substantial assistance without a motion from the government requesting the departure pursuant to § 5K1.1).

## CONCLUSION

With these rulings, the defendant's total offense level is 48 and his criminal history category is IV. The application of the sentencing grid mandates a sentence of life on both of the convictions. In addition, pursuant to 21 U.S.C. § 841(b)(1)(A), the court must sentence the defendant to a mandatory term of life imprisonment on each conviction.

**IT IS SO ORDERED.**