# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 8, 2020

Lyle W. Cayce
Clerk

No. 20-50069
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

EMBRY ELTON HUMBER, JR., *also known as* MONEY,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:19-CR-100-1

Before BARKSDALE, GRAVES, and OLDHAM, *Circuit Judges*.

PER CURIAM:*

Embry Elton Humber, Jr., pleaded guilty to conspiracy to possess, with intent to distribute, 280 grams or more of cocaine base; distribution of cocaine base; possession of, with intent to distribute, cocaine; and possession of, with intent to distribute, cocaine base, in violation of 21 U.S.C. §§ 841,

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

846.  He challenges the 120-month statutory-minimum sentence imposed, asserting it was incorrectly based on the drug quantity attributable to the entire conspiracy rather than to him individually.

As Humber recognizes, because he did not raise this issue in district court, review is for plain error. *E.g.*, *United States v. Morgan*, 292 F.3d 460, 465 (5th Cir. 2002).  For reversible plain error, he must show a forfeited error that is clear or obvious and affects his substantial rights.  *Puckett v. United States*, 556 U.S. 129, 135 (2009).  If he makes such a showing, this court has the discretion to correct the error only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings.  *Id.*

Although our court has "found error where the district court increased a statutory minimum in reliance on a conspiracy-wide quantity of drugs", we have reiterated that, for sentencing purposes, defendant is accountable "for the drug quantity with which he was directly involved, and all reasonably foreseeable quantities of [drugs] within the scope of the joint criminal activity".  *United States v. Haines*, 803 F.3d 713, 741 (5th Cir. 2015) (internal quotation marks and citation omitted).

The factual basis for Humber's plea, which he signed after reviewing with counsel and affirmed under oath as true, stated he conspired with his brother, Humber's sole co-conspirator, to possess, with intent to distribute, more than 280 grams of cocaine base.  It details facts sufficient to establish his direct involvement with that quantity through his negotiations of sales to a cooperating source and an undercover agent and his joint possession of the drugs found in the hotel room he shared with his brother.  Humber does not assert he was not directly involved with more than 280 grams of cocaine base or that such amount was not reasonably foreseeable to him as the only other member of a two-person drug-trafficking enterprise.  (In his reply brief, Humber asserts for the first time that the drugs found in the hotel room

No. 20-50069

should not have been automatically attributed to him.    Because this contention was not presented in his opening brief, we do not consider it.  *See United States v. Still*, 102 F.3d 118, 122 n.7 (5th Cir. 1996); *see United States v. Anderson*, 5 F.3d 795, 801 (5th Cir. 1993)).  In short, Humber fails to show the requisite clear or obvious error.

AFFIRMED.